Our next case for argument is 23-1814, Slayton v. Department of Agriculture. Counsel, please proceed. Good morning, Your Honor, and may it please the Court. Mr. Slayton does not here dispute the charge of conduct unbecoming, so the only two issues before this Court are whether substantial evidence supports the Board's nexus finding and whether the penalty of removal was within the bounds of reasonableness. So, starting with the nexus finding, this is an off-duty misconduct case. This Court in Brown held that the standard there is whether the conduct was inconsistent with the agency's mission or undermines the confidence in the employee. The Board here took a Kruger board case standard, which fits with the Brown standard, and looked at whether the conduct adversely affected his job, his coworkers' jobs, or the agency's trust and confidence in him. Can I ask a question? Assume for just purposes of my question that Mr. Stewart's testimony and Ms. T's testimony was found to not be credible. What evidence supports the finding of nexus? If Mr. Stewart's testimony itself was that he lost confidence in Mr. Slayton's ability to do his job, assuming we don't believe that that was the case, then the Board still could have looked at the evidence itself to determine whether the agency's actions showed a loss of confidence in Mr. Slayton, which the agency did immediately put him on administrative leave. They told him to stay away from Ms. T or anywhere she might be. And then when the administrative leave was up, the agency moved him to a location 50 miles away where he was no longer doing remote field work, and he was seated next to a supervisor who watched him at all times. So even if we don't directly believe Mr. Stewart's testimony, the fact that the agency decided to immediately put him on leave and then move him suggests a loss of confidence in his ability to stay in his current job. All right. And is all of that evidence in the record? Yes. Thank you. But the administrative judge did, for the most part, believe both Ms. T and Mr. Stewart. Other than Mr. Stewart's testimony specifically about his loss of confidence in putting Mr. Slayton in a remote setting, that was the only thing that the administrative judge questioned in terms of Mr. Stewart's testimony. And, again, that was not necessarily a credibility. It was definitely not a demeanor-based credibility. It was based on the fact that he remained with the agency after the incident. But, again, they did put him on administrative leave. They did move him to a different location where he was more closely supervised. So they lost trust in his ability to do the job that he was actually doing. While there were parts of Ms. T's testimony that the administrative judge did not credit, overall the administrative judge upheld the charge, meaning that there was preponderance of the evidence showing that he did engage in this conduct, that he knew it was unwelcome, and that he proceeded regardless. She credited all those things. She also credited Ms. T's testimony about sort of the aftermath of the incident and how she felt, how it affected her ability to do her job, how she was on administrative leave as well, went back into the office for a day just to try to complete her work but was very uncomfortable when she came across Mr. Slayton. So all of that supports the nexus finding that the board made. In terms of the penalty, it was within the bounds of reasonableness. One of the main Douglas factor here is the nature and seriousness of the offense. It was a serious, unwelcome sexual misconduct offense that affected the agency, affected the two workers, Mr. Slayton and Ms. T. Unless the court has any further questions. Okay. Thank you, counsel. This case is taken under submission.